UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE C. McPHERSON,

    Plaintiff,                                CIVIL ACTION NO. 05-CV-72218-DT

  v.

                                               DISTRICT JUDGE BERNARD A. FRIEDMAN

                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work providing a sit-stand option.

\*    \*    \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 27, 2003, alleging that she had been disabled and unable to work since December 7, 2002, at age 31, due to back pain and hearing loss[1]. Benefits were denied, initially and upon reconsideration, by the Social

---

[1]Plaintiff filed a prior application for disability insurance benefits in May 2001, alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 30-40). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (December

Security Administration (SSA).  A requested de novo hearing was held on October 28, 2004, before Administrative Law Judge (ALJ) Dean Metry. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment[2] and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 32 years old at the time of the administrative hearing (TR 181).  She had been graduated from high school, and had been employed as a grocery store cashier, bagger and stock person during the relevant past (TR 183). Plaintiff's grocery store job required her to stand for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 25 pounds on a regular basis (TR 61, 184). Claimant stopped working in December 2002, due to severe back pain (TR 185).

Claimant testified that she was disabled as a result of  back pain (TR 192). She explained that repetitive work aggravated her symptoms. The claimant doubted that she

---

12, 2002).  Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981).  A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

[2]Plaintiff submitted a handwritten letter on September 28, 2005, explaining why she was entitled to disability benefits (Docket #10). The letter was treated as a Motion for Summary Judgment.

could sit or stand for prolonged periods or lift more than a gallon of milk (TR 196). As a result of chronic back pain, the claimant said that she was not able to do any household chores, grocery shop or drive an automobile on a regular basis (TR 186). Pain medications provided only temporary relief, and she needed to rest several times a day to help alleviate her pain symptoms (TR 188).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as medium, semiskilled activity (TR 199). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[3] (TR 200). If she were capable of sedentary work, however, there were numerous assembly, packaging, sorting, and visual inspection jobs that she could perform with minimal vocational adjustment (TR 200). These jobs provided a sit-stand option and required only occasional hearing in the performance of assigned duties (TR 199).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of back pain and occasional hearing loss, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back pain prevented her from working at jobs requiring prolonged standing, walking or sitting. He, therefore, determined that Plaintiff needed a sit-stand option. The Law Judge found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

---

[3]The witness testified that claimant's alleged need to lie down several times a day would preclude all work activity (TR 200).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her back pain or hearing loss.

DISCUSSION AND ANALYSIS

**4**

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work with a sit-stand option.   Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of disabling back pain.
The majority of the medical evidence in the record predates the December 2002, decision denying Plaintiff's prior claims for DIB and SSI benefits.  These records indicated that the claimant has a history of receiving treatment for complaints of low back pain (TR 106-121), but examination revealed minimal degenerative changes in her lumbosacral spine (TR 105, 132).

While an MRI in January 2003, revealed a broad-based disc herniation at L5-S1 (TR 126), a contemporaneous neurological evaluation noted that her motor strength was normal in both upper and lower extremities (TR 131).  There were no sensory deficits

**5**

and deep tendon reflexes were symmetrical. Plaintiff's gait was said to be normal, and her higher functions were intact (TR 131). Dr. Jean Sinkoff, a treating physician, reported in March 2003, that the claimant needed to undergo a weight reduction program in order to relieve her back pain. The doctor prescribed pain medication and conservative treatment in order to give Plaintiff the time to lose the weight (TR 129). In an updated medical report, dated October 19, 2004, Dr. Sinkoff expressed frustration that the claimant had not shed any pounds. As a result, the family practitioner declined to consider more aggressive treatment, indicating that she would consider surgery only if the claimant became motivated to lose weight (TR 142). Given this evidence, the ALJ reasonably concluded that Plaintiff's history of conservative care undermined her allegations of severe and disabling pain symptoms.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant, who concluded that the claimant could perform a restricted range of sedentary work[4] (TR 97-104). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from her back pain were not fully credible.

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to lie down frequently throughout the day. The ALJ took into consideration claimant's objectively

---

[4]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(i) (2005).

proven functional limitations by restricting her to jobs that provided a sit-stand option, and required only occasional hearing in the performance of assigned duties.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous

---

[5]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate limitations and need for a sit-stand option. The VE testified that the assembly and visual inspection positions allowed workers to sit or stand periodically throughout the day (TR 199). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions.  Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

**7**

unskilled assembly, packaging, sorting, and visual inspection jobs that she could perform with minimal vocational adjustment (TR 200). These jobs provided a sit-stand option and required only occasional hearing in the performance of assigned duties (TR 199). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages

in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

        s/Donald A. Scheer
        DONALD A. SCHEER
        UNITED STATES MAGISTRATE JUDGE

DATED: January 18, 2006

_____

### CERTIFICATE OF SERVICE

    I hereby certify on January 18, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 18, 2006. **Nicole McPherson.**

        s/Michael E. Lang
        Deputy Clerk to
        Magistrate Judge Donald A. Scheer
        (313) 234-5217